UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PAUL DEITZ,

       Plaintiff,

vs.

TED WUEBKER, *et al.*,

       Defendants.

Case No. 3:26-cv-77

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

## ORDER DENYING *PRO SE* PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR A PRELIMINARY INJUNCTION (Doc. No. 4)

---

Liberally construing Plaintiff Paul Deitz's *pro se* complaint in his favor, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), he brings this civil case under 42 U.S.C. § 1983.  Doc. No. 1. The case is before the Court upon *pro se* Plaintiff's motion for a temporary restraining order and/or a preliminary injunction.  Doc. No. 4.  Defendants are Ted Wuebker; Kent Topp; Emily Mothmiller; Madison Brinkman; Jenell Rindler-Woodruff; Emily O'Leary; Michelle Mumford; Lori Moore; Michael P. Doyle, Jr.; Erica Lentz; the Sidney-Shelby, Ohio County Health Department; the Shelby County, Ohio Prosecutor's Office; and Shelby County, Ohio.  Doc. No. 1.

**I.**

Plaintiff is a resident of Sidney, Ohio and resides at 11742-11744 Fair Road in Sidney. Doc. No. 1 at PageID 2; Doc. No. 4 at PageID 156.  He seeks a temporary restraining order and/or a preliminary injunction because he alleges Defendants posted a condemnation notice and placard on his barn that says, "CONDEMNED UNFIT FOR HUMAN HABITATION."  Doc. No. 4 at PageID 156.  Plaintiff alleges, "The placard's public shaming label deters Plaintiff from

engaging in protected expressive and associational activity on his own property—including family gatherings, raising animals, gardening, hobby work, and ordinary social interactions." *Id.* at PageID 157.  He also claims, "The placard and sheriff-assisted reposting constitute an ongoing seizure of Plaintiff's possessory interest in curtilage and chattel without warrant, consent, or exigency." *Id.*  Finally, Plaintiff alleges, "The label imposes public stigma plus tangible restrictions on permitted use "s*torage of personal property and for animal husbandry*", depriving Plaintiff of property interests without due process." *Id.* at PageID 158 (italics in original).

## II.

"A temporary restraining order ("TRO") is an extraordinary remedy."  *Burton v. Kettering Adventist Health Care*, No. 3:20-cv-209, 2020 WL 3265526, at *1 (S.D. Ohio June 17, 2020) (citing Fed. R. Civ. P. 65; *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 860 (S.D. Ohio 2008)).  Preliminary injunctions are construed likewise.  *See Cretor Constr. Equip. LLC v. Gibson*, 738 F. Supp. 3d 950, 959 (S.D. Ohio 2024).  A four-factor balancing test applies to TRO and preliminary injunction motions: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether the TRO [or preliminary injunction] would substantially harm third parties; and (4) whether the TRO [or preliminary injunction] would serve the public interest."  *Refunjol v. Adducci*, No. 2:20-cv-2099, 2020 WL 1983077, at *3 (S.D. Ohio April 27, 2020) (citing *York Risk Servs. Grp., Inc. v. Couture*, 787 Fed. App'x 301, 304 (6th Cir. 2019)).  No single factor is a prerequisite to granting a TRO or preliminary injunction.  *Id.* (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)); *see D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326-27 (6th Cir. 2019).

Based on the information provided by *pro se* Plaintiff's allegations raised in his

complaint and motion for a TRO and/or preliminary injunction, and with knowledge that Defendants have not had an opportunity to present evidence or file a memorandum in opposition to Plaintiff's motion, the Court finds that the extraordinary remedy of a TRO and/or preliminary injunction is not warranted at this early junction in the litigation. The Court finds that Plaintiff has not pled facts sufficient to establish a strong likelihood of success on the merits of his claims. *See* Doc. No. 4 at PageID 158-60. Plaintiff also does not show he will suffer irreparable harm absent a TRO or preliminary injunction. *See id*. at PageID 157-58.

The remaining factors also weigh against issuance of a TRO or preliminary injunction. Plaintiff alleges a condemnation action lawfully taken by Defendants to promote public safety. In addition, a TRO and/or preliminary injunction—stopping Defendants from placing such a sign—could harm others and would not serve the public interest, *e.g.*, the safety of people who may seek to enter the structure. Because the balance of applicable factors weighs against Plaintiff, his motion for a TRO and/or preliminary injunction lacks merit. *See Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006) ("A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm during the time required to give notice to the opposite party or where notice itself may precipitate the harm." (citations omitted)). In addition, Plaintiff's description of Defendants' actions indicates they took reasonable steps to promote public safety rather than engaging in an abuse of power. *See Gibson & Perin Co. v. City of Cincinnati*, 480 F.2d 936, 945 (6th Cir. 1973) ("It is not for the courts to determine whether it is necessary for successful consummation of the project that unsafe, unsightly, or insanitary buildings alone be taken or whether title to the land be included, any more than it is the function of the courts to sort and choose among the various parcels selected for

condemnation").  For the above reasons, Plaintiff's motion presents no basis for injunctive relief (whether a TRO or preliminary injunction) at this time.

## III.

Accordingly, the Court **DENIES** Plaintiff's motion for a TRO and/or a preliminary injunction.  The Court also reminds Plaintiff of the Lawyer Referral Service available to him through the Dayton Bar Association, which may be contacted at www.daybar.org or (937) 222-7902.

**IT IS SO ORDERED.**

March 23, 2026                                  s/*Michael J. Newman*
                                               Hon. Michael J. Newman
                                               United States District Judge